IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERTO MARTINEZ, <u>et al.</u>, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 13-7305 |
| | : | |
| CSX TRANSPORTATION, INC., | : | |
| | : | |
| Defendant. | : | |

Goldberg, J.                                                                          February 11, 2015

**MEMORANDUM OPINION**

This case arises from serious injuries suffered by Plaintiffs, Gilberto Martinez and Kassandra Cruz, that occurred while they were walking on train tracks and were hit by an oncoming train owned and operated by Defendant, CSX Transportation, Inc. ("CSXT").

Before the Court is CSXT's motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted and Plaintiffs' motion for leave to file a second amended complaint. The primary issue is whether willful and wanton conduct is actionable under the New Jersey Railroad Immunity Statute, N.J. Stat. Ann. § 48:12-152 (1998). For the reasons stated below, Defendant's motion will be granted in part and denied in part, and Plaintiffs' motion for leave to further amend their complaint will be denied without prejudice.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In their original complaint, Plaintiffs asserted that Defendant's negligence caused their injuries by failing to stop the train prior to impact and for not properly hiring and training its

1

employees.[1]  Defendant responded by filing a motion to dismiss.  Plaintiffs then filed an amended complaint, adding allegations of reckless and intentional conduct by Defendant.

The amended complaint states that "[a]t all times material hereto," Plaintiffs were walking "on the train tracks located at or near 1400 Parkway Avenue, Ewing, NJ at approximately 10:30 a.m." (Am. Compl. ¶¶ 15, 45.)  Plaintiff Cruz's foot was caught in the tracks and Plaintiff Martinez began attempting to help Cruz. (Id. at ¶¶ 16-17, 46-47.)  As Plaintiffs struggled to free Cruz's foot from the tracks, a CSXT train approached and struck Plaintiffs. (Id. at ¶¶ 17, 47.)  Both Plaintiffs suffered extensive injuries as a result of the collision. (Id. at ¶¶ 43, 73.)

The amended complaint also alleges that, despite having a "substantial amount of time" to bring the train to a stop, "[u]pon information and belief, Defendant[ ] intentionally and recklessly did not stop the train immediately after recognizing that there was something or someone on the tracks which was an unreasonable act with disregard to the safety of others, for which such act would make it highly probable that harm would result." (Id. at ¶¶ 27, 29.) Plaintiffs further allege that "[r]egardless of why Plaintiffs were present in the train's path, the Defendant[ ] owed them a duty to properly react to the situation and engage in evasive action to maintain railway safety and to avoid impact, and not to act intentionally and recklessly in failing to stop the train immediately after recognizing that there was something or someone on the tracks." (Id. at ¶¶ 31, 61.)  Additionally, Plaintiffs claim that the Defendant "had a duty to properly hire, train, and supervise [the] engineer and conductor" on operating the train. (Id. at ¶¶ 21-26, 51-56.)

---

[1] Plaintiffs originally brought claims against CSXT, CSX Corporation, the conductor Dorrell Jeremiah, and the engineer Mr. Broadwater. Plaintiffs have subsequently dropped their claims against all Defendants other than CSXT.

Defendant CSXT moves to dismiss the amended complaint, asserting that Plaintiffs have failed to allege any facts that would show that Defendant acted intentionally or recklessly. More specifically, Defendant states that Plaintiffs merely changed the wording of their initial complaint to add the words "intentionally" and "recklessly" without alleging any new facts to establish intentional or reckless conduct. Defendant further urges that New Jersey's Railroad Immunity Statute, N.J. Stat. Ann. § 48:12-152 (1998) requires dismissal of Plaintiffs' claims.

After responding to the motion to dismiss, Plaintiffs filed a second amended complaint. This Court struck the second amended complaint for failure to seek leave of Court as required by Federal Rule of Civil Procedure 15(a)(2).[2] Thereafter, Plaintiffs filed a motion for leave to amend, which Defendant opposes for numerous reasons.

## II.     DEFENDANT'S MOTION TO DISMISS

### A. Standard of Review

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. A plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To determine the sufficiency of a complaint under Twombly and Iqbal, a court must take the following three steps: (1) the court must "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption

---

[2] Aside from adding that New Jersey law applies in this action, the stricken second amended complaint is nearly identical to Plaintiffs' first amended complaint.

of truth;" and (3) "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted).

### B. Analysis

The parties agree that New Jersey law applies. (See Mot. for Leave to Amend ¶ 23; Def.'s Br. p. 7); see also Shields v. Consolidated Rail Corp., 810 F.2d 397, 401 (3d Cir. 1987) (holding that where the location of the accident is not fortuitous, "the place of injury assumes much greater importance, and in some instances may be determinative.") Accordingly, I must consider the New Jersey Railroad Immunity Statute (amended in 1998), which states:

> a. No person other than those connected with or employed upon the railroad who are acting within the scope of their employment shall enter upon the right of way of any railroad or come into contact with any equipment, machinery, wires or rolling stock of any railroad…
>
> b. No person shall recover from the company owning or operating the railroad or from any officer or employee of the railroad, any damages for death or injury to person or property as a result of contact with any equipment, machinery, wires or rolling stock of any railroad, if death or injury occurred while that person was:
>
> > . . .
> >
> > (4) engaging in conduct proscribed by subsection a. of this section . . .
>
> c. This section shall not preclude recovery for injury or death of a person who was, at the time of injury, less than 18 years of age.[3]

---

[3] In supplemental briefing, Plaintiffs, for the first time, alleged that Martinez was seventeen years of age at the time of the accident. This allegation was not made in either the original or the amended complaint. Because I cannot look to facts alleged outside of the amended complaint in deciding this motion to dismiss, I must assume that the New Jersey Railroad Immunity Statute applies to both Plaintiffs. (See Am. Compl. ¶ 2 ("Plaintiff Martinez is an adult individual . . .").)

N.J. Stat. Ann. § 48:12-152 (1998).

The statute does not specifically address whether immunity is extended for a railroad's willful and wanton conduct, and New Jersey courts have yet to decide this issue. The language of the statute seems to imply a complete bar to recovery, as it prohibits "any damages for death or injury" where the prospective plaintiff was trespassing on railroad property at the time of the injury. Plaintiffs acknowledge that they were trespassing by walking "on the train tracks."[4] (See Am. Compl. ¶¶ 15, 45.) Plaintiffs argue however that the Railroad Immunity Statute does not prohibit recovery for willful and wanton conduct,[5] and draw support from New Jersey case law interpreting a previous version of the statute. This precedent does provide some guidance as to whether Plaintiffs' amended complaint plausibly states a claim for relief.

Prior to 1998, the New Jersey Railroad Immunity Statute stated as follows:

> Any person injured by an engine or car while walking, standing or playing on a railroad or by jumping on or off a car while in motion shall be deemed to have contributed to the injury sustained and shall not recover therefor any damages from the company owning or operating the railroad.

Egan v. Erie R.R. Co., 148 A.2d 830, 832 (N.J. 1959). Like the current version, the statute was silent as to whether immunity was extended for willful and wanton conduct. Despite the absence of such an exception, New Jersey courts interpreted the immunity statute as codifying "the common law of New Jersey that a landowner owed no duty to a trespasser other than to refrain from willful and wanton conduct." Funes ex rel. Estate of Martinez v. Norfolk S. Corp., 2012

---

[4] "One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally [ ] enters land in the possession of the other[.]" Restatement (2d) of Torts § 158 (1965).

[5] The terms "willful and wanton conduct" are oftentimes used interchangeably with "intentional and reckless conduct." See Restatement (3d) of Torts: Liab. For Phys. & Emot. Harm § 2 cmt. a (2010) ("'Willful misconduct' sometimes refers to conduct involving an intent to cause harm; but 'wanton misconduct' is commonly understood to mean recklessness"). Throughout their second amended complaint, Plaintiffs use the terms "recklessly" and "intentionally."

WL 4069543, at *5 (N.J. Super. Ct. App. Div. Sept. 18, 2012) (citing Egan v. Erie R.R. Co., 148 A.2d 830, 834 (N.J. 1959)). Therefore, prior to the 1998 amendment, plaintiffs had been able to recover against railroads for "willful and wanton conduct," despite being trespassers. Id.; see also Eden v. Conrail, 418 A.2d 278, 285 (N.J. Super. App. Div. 1980) (citing Potter v. Finch & Sons, 388 A.2d 614 (N.J. 1978)) ("The railroad immunity statute [pre-amendment] has been uniformly interpreted to operate as an absolute bar to recovery for damages from a railroad for injuries unless willful or wanton conduct is shown") (emphasis added).

      In 1981, the New Jersey Supreme Court in Renz v. Penn Cent. Corp., 435 A.2d 540 (N.J. 1981) modified its interpretation of the Railroad Immunity Statute, allowing trespassing plaintiffs to also recover under a theory of comparative negligence. Id. at 552 ("[S]uch imputed negligence alone would not bar the plaintiff from recovery . . . [o]nly if [the plaintiff's] negligence on a comparative basis exceeds that of the railroad would it serve to bar recovery"); see also Funes, 2012 WL 4069543, at *5. In 1998, the New Jersey Legislature responded to Renz by amending the Railroad Immunity Statute into its current form, "restoring to railroads the absolute immunity from the claims of trespassers they had enjoyed before Renz." Funes, 2012 WL 4069543, at *6. Because New Jersey's Railroad Immunity Statute did not immunize willful and wanton conduct before Renz, I conclude that New Jersey law permits willful and wanton conduct to be actionable.

      "The essence of . . . wanton [conduct] is that it implies that a person has acted with reckless disregard for the safety of others." New Jersey Div. of Child Protection and Permanency v. S.B., 2014 WL 6460772, at *3 (N.J. Super. App. Div. Nov. 19, 2014) (quotation marks and citation omitted). "[A]n actor acts recklessly when he or she intentionally commits an act of an unreasonable character in disregard of a known or obvious risk that was so great as to

6

make it highly probable that harm would follow, and which thus is usually accompanied by a conscious indifference to the consequences." Schick v. Ferolito, 767 A.2d 962, 969 (N.J. 2001).

Plaintiffs have pleaded sufficient facts to state a claim for recklessness—i.e. wanton conduct. They allege that Defendant "did not stop the train immediately after recognizing that there was something or someone on the tracks knowing that harm to the Plaintiffs would result." (Am. Compl. ¶¶ 28, 58.) If Defendant's employees saw a person on the tracks and made the conscious decision not to stop the train, despite having the time to do so, there would be an obvious risk likely to lead to great harm. Therefore, Defendant's motion to dismiss the first amended complaint will be denied on Plaintiffs' claims for recklessness.

However, aside from using the word "intentionally" throughout the amended complaint, Plaintiffs have failed to allege any facts to suggest that Defendant intentionally struck Plaintiffs. Simply using the word "intentionally" is a legal conclusion not entitled to the assumption of truth. See Twombly, 550 U.S. at 555 (court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, where the claims sound in intentional tortious conduct, Defendant's motion to dismiss will be granted.

Although the amended complaint will survive on a theory of recklessness, the New Jersey Railroad Immunity Statute clearly bars recovery for negligent conduct if a plaintiff was trespassing at the time of the accident. Thus, Defendant's Motion to Dismiss will be granted with respect to the claims sounding in negligence.[6]

---

[6] In addition to general assertions of negligence, Plaintiffs also appear to bring claims for negligent hiring and supervision, and also allege that Defendant "intentionally and recklessly failed to properly hire, train, and supervise its crew operating said CSX trains." (Am. Compl. ¶ 25.) The Court is not aware of, and Plaintiffs have not cited to, any New Jersey cases recognizing a cause of action for intentional or reckless hiring, training or supervision. Therefore, I find that these claims sound in negligence, and are therefore barred by the New Jersey Railroad Immunity Act.

### III. PLAINTIFFS' MOTION TO AMEND

#### A. Standard of Review

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." District courts have discretion to deny a plaintiff's request to amend their complaint, however, "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Amending a complaint would be futile when, as amended, the complaint would still fail to state a claim upon which relief could be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

#### B. Analysis

In filing their motion for leave to amend, Plaintiffs have failed to attach any proposed second amended complaint to their motion. It is unclear, therefore, whether they intend to rely upon the previously filed and stricken second amended complaint, or some other complaint. See Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiffs' [sic] request" to amend). Therefore, this motion will be denied without prejudice.

### IV. CONCLUSION

The parties agree that New Jersey law applies in this case. New Jersey's Railroad Immunity Statute bars recovery for negligent conduct if the plaintiff was trespassing at the time of the accident. Thus, where Plaintiffs' complaint sounds in negligence, Defendant's motion to dismiss will be granted. I find that the statute does not, however, bar recovery for willful and wanton conduct. Accordingly, Plaintiffs' claims for recklessness will survive the motion to

8

dismiss.  As Plaintiffs have failed to allege any facts demonstrating that Defendant intentionally struck Plaintiffs, the motion to dismiss will be granted for Plaintiffs' claims of intentional tortious conduct.  Plaintiffs' motion for leave to amend will be denied without prejudice for failure to attach a proposed second amended complaint.

    An appropriate Order follows.