IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GILBERTO MARTINEZ,** *et al.*, | : | **CIVIL ACTION** |
| *Plaintiffs*, | : | |
| v. | : | **No. 13-7305** |
| **CSX TRANSPORTATION, INC.,** | : | |
| *Defendant*. | : | |

## ORDER

**AND NOW**, this 18th day of June, 2018, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 124), and the Response and Reply thereto, I note the following:

1. On February 11, 2015, I issued an Order granting in part and denying in part Defendant's Motion to Dismiss Plaintiffs' Amended Complaint. That Order granted Defendant's Motion to Dismiss with respect to Plaintiffs' claims for negligence, but denied the Motion with respect to Plaintiffs' claims for recklessness. (Doc. No. 38.)

2. As set out in the Memorandum Opinion accompanying the Order, I concluded that the New Jersey Railroad Immunity Statute, N.J. Stat. Ann. § 48:12-152 (1998) ("the Immunity Statute"), "bars recovery for negligent conduct if a plaintiff was trespassing at the time of the accident" and thus precluded Plaintiffs' negligence claims. (Doc. No. 37 at 8.)

3. As I further noted in the Memorandum Opinion, Plaintiffs had argued in a supplemental brief that the Immunity Statute did not apply to Plaintiff Gilberto Martinez's claims because Martinez was seventeen years old at the time of the accident. However, I noted that I could not consider this assertion because it was

1

    advocated in a brief and not alleged in the Amended Complaint, which stated that "Plaintiff Martinez is an adult individual . . . ." (Id. at 4 n.3.)

4. Plaintiffs did not subsequently seek leave to file a Second Amended Complaint.[1]

5. With discovery now complete, Defendant has moved for summary judgment on Plaintiffs' remaining claims for recklessness.

6. In Plaintiffs' "Counter-Statement of Facts," submitted in opposition to Defendant's Motion for Summary Judgment, Plaintiffs have noted that it is undisputed that Plaintiff Martinez was seventeen years old at the time of the accident. But Plaintiffs' "Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment" does not explain the relevance of this fact in light of my previous Order dismissing Plaintiffs' negligence claims. (Doc. No. 133-1 at ¶ 13.)

7. Additionally, Plaintiffs' Memorandum cites and discusses cases applying a negligence standard to claims against railroad operators—which cases were decided under a previous version of the Immunity Statute—without explaining the relevance of these cases in light of my previous Order dismissing Plaintiffs' negligence claims. (Doc. No. 133 at 5-7.)

**WHEREFORE**, it is hereby **ORDERED** that oral argument—to be conducted telephonically and on the record—is scheduled for **Thursday, June 21, 2018, at 10:00 a.m.** Counsel for Defendant shall initiate a conference call with counsel for Plaintiffs before calling Chambers. Counsel shall be prepared to discuss the issues presented by Defendant's Motion for Summary Judgment, in light of the procedural history set out above.

---

[1] The February 11, 2015, Order denied <u>without prejudice</u> Plaintiffs' previously filed Motion for Leave to File a Second Amended Complaint on the basis that Plaintiffs had not attached to the Motion a proposed Second Amended Complaint. (Doc. No. 37 at 8; Doc. No. 38.)

BY THE COURT:

/s/ Mitchell S. Goldberg
_____
**Mitchell S. Goldberg, J.**